UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

*In Re*:  Chapter 7
Case No. 12-11172-MER

PAVEL N KAYREVICH and TAMARA AFANASYEVNA KAYREVICH, **Debtor,**

PAVEL N KAYREVICH and TAMARA AFANASYEVNA KAYREVICH and US Trustee, Trustee, **Movants.**

vs.

Nationstar Mortgage LLC, Successors, Assigns, Servicers, Investors and Trustees, **Respondent,**

## NATIONSTAR'S RESPONSE TO DEBTORS' DECLARATION IN SUPPORT OF BANKRUPTCY COURT'S PROTECTION

COMES NOW, Respondent, Nationstar Mortgage LLC ("Nationstar"), successor to Aurora Bank, FSB ("Aurora"), its predecessors, successors, assigns, servicers, investors, and/or trustees, by and through its attorneys, Aronowitz & Mecklenburg, LLP, for its Response to Debtors' Declaration in Support of Bankruptcy Court's Protection ("Motion"), and states as follows:

1. On January 24, 2012, debtors, Pavel Kayrevich and Tamara Kayrevich (together, "Debtors"), filed a Chapter 7 voluntary petition in the U.S. Bankruptcy Court for the District of Colorado, petition number 12-11172-MER.

3. Debtors were the owner of certain real property legally described as:

   LOT 16, BLOCK 9, RIVER RUN SUBDIVISION FILING NO. 4 COUNTY OF ADAMS, STATE OF COLORADO

   Which is known by street and number as: 11499 IRONTON STREET, HENDERSON, CO 80640 (the "Property").

4. Debtors obtained ownership of the Property by Special Warranty Deed recorded April 25, 2005 at Reception No. 433550, Adams County, Colorado. **Exhibit A, Vesting Deed.**

5. On September 14, 2006, Debtors executed a Note in the original principal amount of $232,000.00 payable to American Brokers Conduit, its successors, assigns, and/or transferees, to refinance their prior loan on the Property. **Exhibit B, Note.**

6.      The Debtors also executed a Deed of Trust to secure repayment of the Note and the Deed of Trust was a first deed of trust against the Property recorded in the real property records of Adams County on September 21, 2006 at Reception No. 957210. **Exhibit C, Deed of Trust.**

7.      The Note and Deed of Trust were subsequently conveyed, transferred, and/or assigned to Aurora, the predecessor in interest to Nationstar.

8.      The Note and Deed of Trust were modified by a Loan Modification Agreement recorded in the real property records of Adams County, Colorado on October 11, 2011 at Reception No. 2011000065883 and by a Loan Assumption Agreement recorded October 11, 2011 at Reception No. 2011000065884. **Exhibit D, Loan Modification; Exhibit E, Loan Assumption Agreement.**

9.      Subsequent to the execution of the Note, Deed of Trust and Loan Modification Agreement, Debtors failed to pay according to the loan terms.

10.     On December 16, 2011, Aurora filed a complaint for judicial foreclosure and reformation of the Deed of Trust, Adams County District Court case number 2011CV001789 ("Judicial Foreclosure Action"). **Exhibit F, Foreclosure Complaint.**

11.     Default judgment was entered by the clerk as to defendants Pavel Kayrevich, Tamara Kayrevich and Oleg Kayrevich on January 25, 2012. **Exhibit G, Entry of Default.**

12.     On February 8, 2012, Aurora filed a Motion for Relief from Stay to proceed with the Judicial Foreclosure Action. [docket no. 13]

13.     On March 12, 2012, this Court entered the Order for Relief pursuant to Aurora's Motion for Relief. [docket no. 21]

14.     No other action was taken against Debtors in the Judicial Foreclosure Action until after the relief order entered in this bankruptcy matter. **Exhibit H, Judicial Foreclosure Action Docket.**

15.     On May 7, 2012, Aurora filed its Verified Motion for Entry of Default Judgment in the Judicial Foreclosure Action. **Exhibit I, Verified Motion for Entry of Default Judgment.**

16.     The court in the Judicial Foreclosure Action entered judgment on October 30, 2012 reforming the Deed of Trust to add Oleg Kayrevich as a signatory to the Deed of Trust, to decree that the Deed of Trust encumbered 100% interest in the Property, and further ordered the sheriff to sell the Property. **Exhibit J, Foreclosure and Reformation Judgment.**

17.     On March 13, 2013, the Adams County Sheriff sold the Property to Aurora Bank FSB pursuant to the October 30, 2012 Order for Sale. **Exhibit K, Certificate of Purchase.**

18. The Certificate of Purchase was assigned by Aurora to Nationstar Mortgage LLC on April 1, 2013 and the Confirmation Deed was issued to Nationstar Mortgage LLC on April 2, 2013. **Exhibit L, Assignment of Certificate of Purchase; Exhibit M, Confirmation Deed.**

19. On May 6, 2013, Movant initiated an eviction action, Adams County Court case number 2013C037773, after Debtor failed to vacate the Property upon a posted demand for possession by Movant. **Exhibit N, Eviction Case Docket.**

20. On May 15, 2013, Debtor Tamara Kayrevich filed a Suggestion of Bankruptcy in the eviction matter as the purported trustee of Abundant Life Trust and attaching a Notice of Bankruptcy Case Filing indicating Abundant Life Trust filed for Chapter 11 bankruptcy on March 14, 2013 in the U.S. Bankruptcy Court for the Middle District of Florida. **Exhibit O, Suggestion of Bankruptcy.**

21. Ms. Kayrevich also attached a warranty deed for the Property, which purported to convey the subject real property from Pavel Kayrevich, Tamara Kayrevich and Oleg Kayrevich to Abundant Life 122012 Trust on February 11, 2013. **Exhibit O, Suggestion of Bankruptcy.**

22. In accordance with the Suggestion of Bankruptcy and upon protest by Nationstar, the state eviction court stayed the entry of the default judgment for possession in favor of Plaintiff. **Exhibit N, Eviction Case Docket, May 16, 2013 Case Closure.**

23. Abundant Life 122012 Trust is not the same entity as Abundant Life Trust as confirmed by the Chapter 11 bankruptcy filing of Abundant Life 122012 Trust on July 2, 2013. **Exhibit P, Abundant Life 122012 Trust docket report, p. 1.**

24. Consequently, Defendant Tamara Kayrevich misled the Adams County Court when she filed a suggestion of bankruptcy on May 15, 2013 indicating that the stay applied to the eviction proceeding. The stay did not apply because the alleged prior owner of the subject real property, Abundant Life 122012 Trust, was not subject to the bankruptcy protections on May 15, 2013.

25. Abundant Life 122012 Trust did not file for bankruptcy protection until July 2, 2013. **Exhibit P, Abundant Life 122012 Trust docket report, docket no. 1.**

26. On November 5, 2013, Nationstar filed a Motion for Relief from Stay in the bankruptcy matter of Abundant Life 122012 Trust, U.S. Bankruptcy Court for the Middle District of Florida, case number 8:13-bk-08803-CPM. **Exhibit Q, MFR.**

26. In the November 5, 2013, MFR, Nationstar detailed the pattern of bankruptcy filings and transfers of property to defraud and wrongfully deprive Nationstar of possession of its property. Nationstar incorporates the statements in the November 5, 2013, MFR as if fully set forth herein. **Exhibit Q, MFR.**

27. The bankruptcy case for Abundant Life 122012 Trust was dismissed upon its own motion on January 24, 2014, before the November 5, 2013 MFR was resolved. **Exhibit P, Abundant Life 122012 Trust docket report, docket no. 102.**

28. On February 17, 2014, upon discovery of the dismissed bankruptcy matter, Nationstar filed its Motion for Default Judgment in the Eviction Action advising the court of the status of the Abundant Life 122012 Trust's bankruptcy matter and the deceptive tactics of Debtors in the Eviction Action. **Exhibit R, Motion for Default Judgment for Possession.**

29. On April 4, 2014, the Adams County Court granted Nationstar's Motion for Default Judgment for Possession and thereafter issued the Writ of Restitution on April 7, 2014. **Exhibit N, Eviction Case Docket.**

30. On April 22, 2014, the Debtors motioned this Court to reopen their Chapter 7 bankrutpcy matter and impose the stay in an effort to impede the imminent execution of the Writ and this Court immediately granted the Debtors' motion. [docket no. 26].

31. On May 6, 2014, this Court ordered Aurora Bank, FSB to respond to Debtors' allegations of a violation of discharge injunction.

32. Nationstar, as the successor to Aurora, hereby states that at no time has Nationstar or Aurora violated the discharge injunction despite Debtors' repeated attempts to frustrate the eviction process through their abuse of the bankruptcy courts.

33. Accordingly, Nationstar requests this court provide clarity that the relief order as to this creditor and the Property remains in effect, close the instant bankruptcy matter and/or otherwise enter in rem relief so that Nationstar may finally obtain possession of its real property that Debtors have deprived Nationstar of for over a year.

34. It should also be noted by the Court that, upon information and belief, Alex Filipskiy is working in concert with the Debtors to wrongfully deprive Nationstar of its real property.

WHEREFORE, Respondent, Nationstar Mortgage LLC, its predecessors, successors, assigns, servicers, investors, and/or trustees respectfully requests the entry of an order clarifying that the relief order entered March 12, 2012, remains in effect, or, alternatively, annulling and/or terminating the automatic stay with respect to the Debtor and the Bankruptcy Estate, granting in rem relief as to the Property, and/or closing the instant bankruptcy matter, and for such other and further relief as this Court deems proper.

Respectfully submitted this 27th day of May,

ARONOWITZ & MECKLENBURG, LLP

/s/ Catherine A. Hildreth, #40975
_____
Catherine A. Hildreth, #40975
1199 Bannock Street
Denver, CO  80204

## Certificate of Service

I hereby certify that true and correct copies of the foregoing were duly mailed, postage prepaid, on __May 28, 2014__, to the following

Timur Kishinevsky
2821 S. Parker Rd. Ste. 645
Aurora, CO 80014

US Trustee
999 18th St., Ste, 1551
Denver, CO 80202

Pavel N Kayrevich
Tamara Afanasyevna Kayrevich
11499 Ironton St
Henderson, CO 80640

Stefanie Jeffries