# Exhibit E

After Recording Return To:
RUTH RUHL, P C.
Attn. Recording Department
2305 Ridge Road, Suite 106
Rockwall, Texas 75087

_____REDACTED___(Space Above This Line For Recording Data)_____
Loan No :
MERS No         ................            MERS Phone: 1-888-679-6377

# LOAN ASSUMPTION AGREEMENT

THIS LOAN ASSUMPTION AGREEMENT ("Agreement"), made effective as of February 1st, 2011 ,
between Tamara Kayrevich

("Original Borrower")
and Tamara Kayrevich and Pavel Kayrevich

("Assuming Borrower/Grantor")
and Aurora Loan Services LLC

("Lender/Grantee")
whose address is 10350 Park Meadows Drive, Littleton, Colorado 80124
and Mortgage Electronic Registration Systems, Inc.  ("Mortgagee"),
supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") dated
September 14th, 2006, granted or assigned to Mortgage Electronic Registration Systems, Inc as mortgagee of
record (solely as nominee for Lender and Lender's successors and assigns), P O. Box 2026, Flint, Michigan 48501-
2026 and recorded on N/A ,              , in Book/Liber N/A          , Page N/A           ,
Instrument No N/A           , Official Records of Adams         County, Colorado          ,
and (2) the Note, made in the amount of U S $ 232,000 00       executed by Tamara Kayrevich
("Maker")

MULTISTATE LOAN ASSUMPTION AGREEMENT                                               Page 1 of 7
Fixed-No Release





payable to the order of American Brokers Conduit
in accordance with the terms set forth therein, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in said Security Instrument and defined therein as the "Property," located at 11499 IRONTON STREET, HENDERSON, Colorado 80640

the real property described being set forth as follows:
LOT 16, BLOCK 9, RIVER RUN SUBDIVISION FILING NO. 4, COUNTY OF ADAMS, STATE OF COLORADO.

PARCEL ID NUMBER: 172102304028

Original Borrower and Assuming Borrower acknowledge that Lender is the holder and owner of the Note or is acting for the holder and owner of the Note and understands that Lender may transfer the Note, as supplemented by this Agreement, and that anyone who takes the Note by transfer and who is entitled to receive payments under the Note is called the "Lender" in this Agreement

Assuming Borrower desires to assume the payment of the Note and the covenants, conditions and obligations of the Security Instrument, as modified by the Loan Modification Agreement entered into immediately prior hereto by Original Borrower and Lender. Lender who is or who represents the legal holder and owner of the Note and of the lien(s) securing the same has agreed, at the request of the Original Borrower, to allow the Assuming Borrower's assumption of the balance of the indebtedness evidenced by the Loan Modification Agreement.

For and in consideration of Ten and No/100 Dollars ($10 00) and other good and valuable consideration paid by each of the parties to the other, the receipt and sufficiency of which are hereby acknowledged and confessed, and in consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows

1. **Acknowledgment and Assumption of Modified Terms**: The Assuming Borrower agrees to accept the modified terms of the Note and Security Instrument evidenced by the Loan Modification Agreement entered into immediately prior hereto by Original Borrower and Lender

Original Borrower and Assuming Borrower acknowledge that as of February 1st, 2011, the amount payable under the Note and secured by the Security Instrument, as modified by the Loan Modification Agreement, (the "Unpaid Principal Balance") is U S $ 247,045 84, consisting of the unpaid amounts loaned to Original Borrower by Lender less any reductions of principal made by Original Borrower, plus any accrued but unpaid interest, and any additional sums advanced by Lender Assuming Borrower hereby expressly assumes the payment of the Unpaid Principal Balance, and promises to pay jointly and severally to the order of the Lender Assuming Borrower also agrees to perform and comply with all covenants, conditions and obligations of the Security Instrument, as modified by the Loan Modification Agreement.

Interest will be charged on the Unpaid Principal Balance until the full amount of principal has been paid. Assuming Borrower will pay interest at a yearly fixed rate of 5 125 % as set forth below The Assuming Borrower promises to make monthly payments of principal and interest of U.S $ 1,443 58, beginning on March 1st, 2011, and continuing thereafter on the 1st day of each succeeding month until principal and interest are paid in full. If on October 1st, 2036 ("Maturity Date"), the Assuming Borrower still owes amounts under the Note and the Security Instrument, as modified by the Loan Modification Agreement, the Assuming Borrower will pay these amounts in full on the Maturity Date

MULTISTATE LOAN ASSUMPTION AGREEMENT
Fixed-No Release



The Assuming Borrower will make such payments at Aurora Loan Services, LLC, 10350 Park Meadows Drive, Littleton, Colorado 80124 or at such other place as Lender may require.

2. **No Release of Liability:** Original Borrower is and shall remain liable for the payment of the Note, and the covenants, conditions and obligations of the Security Instrument, as modified by the Loan Modification Agreement. Although Original Borrower is and remains personally obligated to pay the sums secured by the Security Instrument, as modified by the Loan Modification Agreement, Original Borrower agrees that Lender and Assuming Borrower may agree to extend, modify, forbear or make any other documents executed in connection herewith accommodations with regard to the terms of the Note, of the Security Instrument and any other documents executed in connection herewith.

3. **Transfer of Escrow Funds to Assuming Borrower:** Original Borrower assigns and transfers to Assuming Borrower all funds on deposit for payment of taxes, homeowner association dues, insurance premiums and any applicable refunds. Assuming Borrower understands that it is Assuming Borrower's responsibility to obtain hazard insurance on the Property.

4. **Waiver of Due-on-Transfer Clause:** In consideration of the assumption by the Assuming Borrower of the Note and Security Instrument, and the modification of the Note and Security Instrument, as described above, the Lender agrees to waive and relinquish its right under the Security Instrument to declare all sums secured by the Security Instrument immediately due and payable by reason of the assumption of the obligations under the Note by Assuming Borrower, it being understood and agreed that this waiver and relinquishment applies only to said transfer. In addition, Original Borrower hereby agrees that if the prepayment of the Note requires a refund of a portion of the interest previously collected in order to comply with the applicable laws of this state, Original Borrower assigns and transfers to Assuming Borrower any and all right and interest in and to any such refund, and Lender is hereby authorized to pay or credit such refund to Assuming Borrower.

5. **Renewal and Extension of Maturity:** This Agreement is a "written extension" as provided by the applicable laws of this state. It is the intention of the parties that all liens and security interests described in the Security Instrument are hereby renewed and extended until the indebtedness evidenced by the Note, as renewed, modified and extended hereby, has been fully paid. The parties acknowledge and agree that such extension, renewal, amendment, modification or rearrangement shall in no manner affect or impair the Note or the liens and security interests securing same, the purpose of this Agreement being simply to provide for the assumption of the indebtedness evidenced thereby, and to carry forward all liens and security interests securing the Note (including if applicable any and all vendor's liens securing the Note), which are expressly acknowledged by the Original Borrower and the Assuming Borrower to be valid and subsisting, and in full force and effect so as to fully secure the payment of the Note. The Original Borrower and the Assuming Borrower hereby expressly waive the benefit of any and all statutes of limitation which might otherwise inure to Original Borrower's and the Assuming Borrower's benefit, or be in any way applicable to Original Borrower's and Assuming Borrower's obligations under the terms of any and all instruments described herein.

6. **Usury:** No provisions of this Agreement or the Note or any instrument evidencing or securing the Note, or otherwise relating to the indebtedness evidenced by the Note, shall require the payment or permit the demand, collection, application or receipt of interest in excess of the maximum permitted by applicable state or federal law. If any excess of interest in such respect is herein or in any such other instrument provided for, or shall be adjudicated to be so provided for herein or in any such instrument, the provisions of this paragraph shall govern, and neither Original Borrower, Assuming Borrower nor any endorser or guarantor of the Note nor their respective heirs, personal representatives, successors or assigns shall be obligated to pay the amount of such interest to the extent it is in excess of the amount permitted by applicable law. It is expressly stipulated and agreed to be the intent of Original Borrower, Assuming Borrower and Lender to at all times comply with the usury and other laws relating to the Note and the Security Instrument and any subsequent revisions, repeals or judicial interpretations hereof, to the extent applicable thereto. In the event Lender ever receives, collects or applies as interest any such excess, including but not limited to any "late charges" collected, such amount which would be excessive interest shall be applied to the reduction of the unpaid principal balance of the Note, and, if upon such application the principal balance of the Note is paid in full, any remaining excess shall be forthwith paid to Assuming Borrower and the provisions of the Note and the Security Instrument shall immediately be deemed reformed and the amounts thereafter collectible thereunder reduced, without the necessity of execution of any new document, so as to comply

MULTISTATE LOAN ASSUMPTION AGREEMENT  Page 3 of 7
Fixed-No Release

REDACTED

with the then applicable law, but so as to permit the recovery of the fullest amount otherwise called for thereunder. In determining whether or not the interest paid or payable under any specific contingency exceeds the maximum interest allowed to be charged by applicable law, Assuming Borrower and Lender shall, to the maximum extent permitted under applicable law, amortize, prorate, allocate and spread the total amount of interest throughout the entire term of the Note so that the amount or rate of interest charged for any and all periods of time during the term of the Note is to the greatest extent possible less than the maximum amount or rate of interest allowed to be charged by law during the relevant period of time.

7. **Loan Documentation:** Except as otherwise specifically provided in the Loan Modification Agreement entered into immediately prior hereto by and between the Original Borrower and Lender, the provisions of the Note and Security Instrument shall continue in full force and effect, and the Original Borrower and Assuming Borrower acknowledge and reaffirm Original Borrower's and Assuming Borrower's liability to Lender thereunder. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. The Assuming Borrower and Lender will be bound by, and comply with, all of the terms and provisions of the Note and Security Instrument, except as otherwise modified by the Loan Modification Agreement. Any default by Assuming Borrower in performance of its obligations herein contained shall constitute a default under the Note and Security Instrument, and shall allow Lender to exercise all of its remedies set forth in said Security Instrument.

8. **Hazardous Substances:** As used in this Paragraph 8, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this Paragraph 8, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection. Assuming Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Assuming Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property. Assuming Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Assuming Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Assuming Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

9. **Partial Invalidity:** In the event any portion of the sums intended to be secured by this Agreement cannot be lawfully secured, payments in reduction of such sums shall be applied first to those portions not secured.

10. **Miscellaneous:** Assuming Borrower hereby agrees to pay all costs and expenses incurred by Lender in connection with the execution and administration of this Agreement, the assumption, renewal and extension and modification of the Note and Security Instrument and any other documents executed in connection herewith. Lender does not, by its execution of this Agreement, waive any right it may have against any person not a party hereto.

This Agreement may be executed in multiple counterparts, each of which shall constitute an original instrument, but all of which shall constitute one and the same Agreement.

11. **No Oral Agreements:** The written Loan Agreements represent the final agreements between parties and may not be contradicted by evidence of prior, contemporaneous, or subsequent oral agreements of the parties.

There are no unwritten oral agreements between the parties.



EXECUTED as of the day and year first above written.

| Original Borrower: | Assuming Borrower: |
|---|---|
| *Tamara Kayrevich 1/27/11* | *Tamara Kayrevich 1/27/11* |
| Tamara Kayrevich | Tamara Kayrevich |
| | *Pavel Kayrevich 1/27/11* |
| | Pavel Kayrevich |

ORIGINAL BORROWER'S ADDRESS.
11499 IRONTON STREET
HENDERSON, Colorado 80640

ASSUMING BORROWER'S ADDRESS
11499 IRONTON ST
HENDERSON, Colorado 80640

MULTISTATE LOAN ASSUMPTION AGREEMENT
Fixed-No Release

Page 5 of 7



## ORIGINAL BORROWER ACKNOWLEDGMENT

State of Colorado §
§
County of Adams §

On this 27th day of Jan, 2011, before me, [name of notary], a Notary Public in and for said state, personally appeared Tamara Kayrevich

[name of person acknowledged], known to me to be the person who executed the within instrument, and acknowledged to me that he/she/they executed the same for the purpose therein stated.

(Seal)

Karen A. Yates
KAREN A. YATES
Type or Print Name of Notary
Notary Public, State of Colorado
My Commission Expires: 2/19/14

KAREN A. YATES
My Commission Expires
FEBRUARY 19, 2014

## ASSUMING BORROWER ACKNOWLEDGMENT

State of Colorado §
§
County of Adams §

On this 27th day of Jun, 2011, before me, [name of notary], a Notary Public in and for said state, personally appeared Tamara Kayrevich and Pavel Kayrevich

[name of person acknowledged], known to me to be the person who executed the within instrument, and acknowledged to me that he/she/they executed the same for the purpose therein stated

(Seal)

Karen A. Yates
KAREN A. YATES
Type or Print Name of Notary
Notary Public, State of Colorado
My Commission Expires 2/19/14

KAREN A. YATES
My Commission Expires
FEBRUARY 19, 2014

ACKNOWLEDGMENT (MULTISTATE)                                   Page 6 of 7

REDACTED

__02/01/2011__  -Date                          __02/01/2011__  -Date

Aurora Loan Services LLC                      Mortgage Electronic Registration Systems, Inc.
                            -Lender                                                -Mortgagee

By: *Pamela J Pedersen* (signature)           By: *Jan Walsh* (signature)

Printed/Typed Name: Pamela J. Pedersen        Printed/Typed Name: Jan Walsh

Its: Vice President                            Its: Assistant Secretary

(Corporate Seal, if applicable) [AURORA LOAN SERVICES CORPORATE SEAL 1997 DELAWARE]

(Corporate Seal, if applicable) [MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. CORPORATE SEAL 1999 DELAWARE]

## LENDER/MORTGAGEE ACKNOWLEDGEMENT

STATE OF NEBRASKA}}

COUNTY OF SCOTTS BLUFF}}

On __02/01/2011__, before me, __Sandra J. Hanson__, a Notary Public in and for said state, personally appeared Pamela J. Pedersen, Vice President of Aurora Loan Services LLC, Lender, and Jan Walsh, Assistant Secretary of Mortgage Electronic Registration Systems, Inc , personally known to me to be the person(s) who executed the within instrument on behalf of said entity, and acknowledged to me that he/she/they executed the same for the purpose therein stated.

*Sandra J Hanson* (signature)
Notary Signature

(Seal) [GENERAL NOTARY - State of Nebraska SANDRA J. HANSON My Comm. Exp Feb 23, 2013]

Sandra J. Hanson
Type or Print Name of Notary

Notary Public, State of Nebraska

My Commission Expires: Feb. 23, 2013

ACKNOWLEDGMENT (MULTISTATE)