# Exhibit F

| | |
|---|---|
| DISTRICT COURT, ADAMS COUNTY, COLORADO<br><br>Court Address: Adams County Justice Center<br>1100 Judicial Center Drive<br>Brighton, CO 80601 | EFILED Document – District Court<br>CO Adams County District Court 4th<br>DATE FILED: December 16, 2011 3:35 PM<br>2011CV1789<br>CASE NUMBER: 2011CV1789<br>Filing Date: Dec 16 2011 3:35PM MST<br>Transaction ID: 41450793 |
| **Plaintiff(s):** AURORA BANK FSB<br><br>v.<br><br>**Defendant(s):** OLEG KAYREVICH, PAVEL KAYREVICH and TAMARA KAYREVICH, CITIBANK, N.A., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. and CAROL SNYDER as Public Trustee of Adams County, Colorado | ▲COURT USE ONLY▲<br><br>Case No.: _____<br><br>Div:      Ctrm: |
| Attorney for Plaintiff<br>Name:    Karsh Fulton Gabler Joseph PC<br>            Fred Gabler<br>            Alan E. Karsh<br>Address:  950 So. Cherry St., Suite 710<br>            Denver, Colorado 80246-2665<br>Phone #:  303.759.9669<br>E-mail:     fgabler@karshfulton.com<br>            akarsh@karshfulton.com<br>Atty Reg. #: 8978<br>Atty Reg. #: 1620 | |
| **COMPLAINT** | |

Plaintiff Aurora Bank FSB, by and through its attorneys, Karsh Fulton Gabler Joseph PC, for its Complaint against Defendants, states and alleges as follows:

### GENERAL ALLEGATIONS

1. The claims asserted in this action affect title to certain real property and improvements located in Adams County, Colorado with an address of 11499 Ironton Street, Henderson, Colorado 80640.

8858 472 complaint
December 16, 2011 10:53 AM

2.　By Special Warranty Deed recorded April 25, 2005 at Reception No. 433550, Adams County, Colorado (the "2005 Deed"), Defendants Oleg Kayrevich, Pavel Kayrevich and Tamara Kayrevich acquired title to the following described real property:

> Lot 16, Block 9, River Run Subdivision Filing No. 4, County of Adams, State of Colorado
>
> also known as: 11499 Ironton Street, Henderson, Colorado 80640 (the "Property").

3.　To finance the purchase of the Property, Oleg Kayrevich, Pavel Kayrevich and Tamara Kayrevich obtained a loan from DHI Mortgage Company in the principal amount of $261,988.00 (the "$261K Loan").

4.　The $261K Loan was secured by a first deed of trust against the Property executed by Defendants Oleg Kayrevich, Pavel Kayrevich and Tamara Kayrevich and recorded April 25, 2005 at Reception No. 433560, Adams County, Colorado (the "$261K Deed of Trust").

5.　On September 14, 2006, Tamara Kayrevich and Pavel Kayrevich obtained two refinance loans from American Brokers Conduit ("American"), one in the amount of $232,000.00 evidenced by a promissory note (the "$232K Note") and one in the amount of $58,000.00 evidenced by a promissory note (the "$58K Note").

6.　The $232K Note is secured by a first deed of trust against the Property recorded September 21, 2006 at Reception No. 957210, Adams County, Colorado (the "$232K Deed of Trust").

7.　The $58K Note is secured by a second deed of trust against the Property recorded September 21, 2006 at Reception No. 957220, Adams County, Colorado (the "$58K Deed of Trust").

8.　The $232K Note and the $232K Deed of Trust were assigned to Plaintiff Aurora Bank FSB by instrument dated September 20, 2011.

9.　The $232K Note and the $232K Deed of Trust were modified by a Loan Modification Agreement recorded October 11, 2011 at Reception No. 2011000065883 and by a Loan Assumption Agreement recorded October 11, 2011 at Reception No. 2011000065884 Adams County, Colorado.

10.　Defendants Oleg Kayrevich, Pavel Kayrevich and Tamara Kayrevich may claim and interest in the Property by virtue of the 2005 Deed.

11.　Defendant CitiBank, N.A. may claim and interest in the Property by virtue of a deed of trust in the amount of $58,000.00 recorded May 15, 2007 at Reception No. 2007000048031, Adams County, Colorado (the "CitiBank Deed of Trust").

12. Defendant Mortgage Electronic Registrations Systems, Inc. ("MERS") may claim and interest in the Property by virtue of the $232K Deed of Trust and the CitiBank Deed of Trust.

13. Defendant Carol Snyder may claim an interest in the Property as Public Trustee of Adams County, Colorado.

14. Venue is proper because this action concerns title to real property located in Adams County, Colorado.

### FIRST CLAIM FOR RELIEF

15. Plaintiff incorporates its allegations contained in paragraphs 1 through 14, above as though fully set forth herein.

16. In closing the loan evidenced by the $232K Note, American relied on a commitment for title insurance issued by Security Title Guaranty Company which mistakenly showed that Pavel Kayrevich and Tamara Kayrevich were the sole owners of the Property. As a result of this mistake, the $232K Deed of Trust was not signed by Defendant Oleg Kayrevich.

17. Proceeds from the $232K Note and the $58K Note in the amount of $259,241.51 were used to pay and discharge the $261K Deed of Trust. Plaintiff is equitably subrogated to the lien of the $261K Deed of Trust by virtue of said payment.

18. The $261K Deed of Trust was signed by Oleg Kayrevich, Pavel Kayrevich and Tamara Kayrevich, and it encumbered a 100% interest in the Property.

19. The lien of the $261K Deed of Trust was prior and superior to the interests of Defendants Oleg Kayrevich, Pavel Kayrevich and Tamara Kayrevich.

20. Plaintiff is entitled to an Order declaring that Plaintiff is equitably subrogated to the lien of the $261K Deed of Trust against the Property in the total amount paid to discharge the $261K Deed of Trust, and that Plaintiff's interest in the Property is prior and superior to the interests of Defendants Oleg Kayrevich, Pavel Kayrevich, Tamara Kayrevich and all other Defendants named herein.

### SECOND CLAIM FOR RELIEF

21. Plaintiff incorporates its allegations contained in paragraphs 1 through 20, above as though fully set forth herein.

22. The $232K Note requires monthly payments of principal and interest.

23. Defendants Pavel Kayrevich and Tamara Kayrevich have failed to make the payments required under the $232K Note and they are now in default.

24. The $232K Note provides that in the event of default, the holder may require immediate payment of all principal, accrued interest and other charges due and owing thereon.

25. The $232K Note provides that in the event any monthly payment is not made within fifteen days from the date it is due, a late charge may be assessed in the amount of 5% of the overdue payment.

26. The $232K Note provides for the payment of a prepayment premium.

27. The $232K Note further provides for the costs, expenses and reasonable attorneys' fees incurred in enforcing the $232K Note.

28. Plaintiff is entitled to judgment against Defendants Pavel Kayrevich and Tamara Kayrevich, jointly and severally, for all principal, interest, late charges, prepayment premiums, costs, expenses and reasonable attorneys' fees due under the $232K Note.

### THIRD CLAIM FOR RELIEF

29. Plaintiff incorporates its allegations contained in paragraphs 1 through 28, above as though fully set forth herein.

30. The $232K Deed of Trust is a lien upon the two-thirds (2/3) interest in the Property owned by Defendants Pavel Kayrevich and Tamara Kayrevich.

31. The $232K Deed of Trust provides that in the event of default on the $232K Note, the $232K Deed of Trust may be foreclosed.

32. The $232K Deed of Trust provides that if foreclosure is made through the Court, reasonable attorneys' fees may be allowed as part of the cost of foreclosure.

33. In connection with this foreclosure, Plaintiff may advance sums for a title report, taxes, insurance, prior encumbrances, reasonable attorneys' fees and other charges. The amounts so advanced will be determined at the time of trial.

34. Plaintiff is entitled to an Order directing that the $232K Deed of Trust be foreclosed judicially and the two-thirds interest in the Property owned by Defendants Pavel Kayrevich and Tamara Kayrevich be sold at public sale in accordance with Colorado law.

### FOURTH CLAIM FOR RELIEF

35. Plaintiff incorporates its allegations contained in paragraphs 1 through 34, above as though fully set forth herein.

36. As the holder of the $232K Deed of Trust against the Property, Plaintiff is entitled to bring an action for partition of the Property pursuant to C.R.S. § 38-28-101.

37. Upon information and belief, the Property is non-divisible, and the partition of the Property cannot be made without manifest prejudice to the rights of interested parties.

38. Plaintiff is entitled to the entry of an Order to partition the Property by sale pursuant to C.R.S. § 38-28-107.

39. In the event the Court directs the sale of the Property pursuant to C.R.S. § 38-28-107, Plaintiff is entitled to one-half of the net proceeds from said sale, or the amount found to be due and owing under the $232K Note and the $232K Deed of Trust.

WHEREFORE, Plaintiff prays for the following relief:

A. For an Order declaring that Plaintiff is equitably subrogated to the lien of the $261K Deed of Trust against the Property in the total amount paid to discharge the $261K Deed of Trust, and that said lien is prior and superior to the interest of Defendants Oleg Kayrevich, Pavel Kayrevich, Tamara Kayrevich and all other Defendants named herein.

B. For an Order directing that the lien of the $261K Deed of Trust be foreclosed judicially and the Property sold at public sale by the Sheriff of Adams County, Colorado in accordance with Colorado law.

C. For judgment against Defendants Pavel Kayrevich and Tamara Kayrevich, jointly and severally for principal, interest, late charges, prepayment, premiums and any other amounts due and owing under the $232K Note and the $232K Deed of Trust.

D. For an Order directing that the $232K Deed of Trust be foreclosed and the two-thirds interest in the Property owned by Defendants Pavel Kayrevich and Tamara Kayrevich be sold at public sale by the Sheriff of Adams County, Colorado in accordance with Colorado law.

E. For an Order to partition the Property by sale pursuant to C.R.S. § 38-28-107, and an Order directing that one-half of the net proceeds of the sale, or the amount found to be due and owing under the $232K Note and the $232K Deed of Trust, be paid to Plaintiff.

F. For costs, expenses and reasonable attorneys fees incurred herein.

G. For such other and further relief as the Court deems just and proper.

Dated this 16th day of December, 2011.

                                     Respectfully submitted,

                                     *Original signature on file in the offices of*
                                     *Karsh Fulton Gabler Joseph PC*

                                     s/ Fred Gabler
                                     Fred Gabler, #8978
                                     Alan E. Karsh, #1620

                                     Attorneys for Plaintiff

**Plaintiff's Address**

c/o Dale & Decker, LLC
2 Inverness Drive East, Suite 105
Englewood, CO 80112
Attention: Holly Decker, Esq.
Re: File No. 11-8682