# Exhibit J

This document constitutes a ruling of the court and should be treated as such.

| | |
|---|---|
| Court: | CO Adams County District Court 17th JD |
| Judge: | Edward C Moss |
| File & Serve Transaction ID: | 46854521 |
| Current Date: | Oct 30, 2012 |
| Case Number: | 2011CV1789 |
| Case Name: | AURORA BANK FSB vs. KAYREVICH, OLEG et al |

EFILED Document – District Court
CO Adams County District Court 17th JD
DATE FILED: October 30, 2012 3:36 PM
CASE NUMBER: 2011CV1789
Filing Date: Oct 30 2012 03:36PM MDT
Transaction ID: 47463815

**Court Authorizer Comments:**

Summary judgment granted and decree of foreclosure issued as indicated.

The findings of fact are supplemented by the factual recitation listed in Plaintiff's October 8, 2012 Brief in Support of Motion for Summary Judgment.

No genuine issues of material fact exist and Plaintiff is entitled to summary judgment as a matter of law.

/s/ Judge Moss, Edward C



**GRANTED WITH COMMENTS**

The moving party is hereby ORDERED to provide a copy of this Order to any pro se parties who have entered an appearance in this action within 14 days from the date of this order.

Edward Moss
District Court Judge
DATE OF ORDER INDICATED ON ATTACHMENT

| | |
|---|---|
| DISTRICT COURT, ADAMS COUNTY, COLORADO<br><br>Court Address: Adams County Justice Center<br>1100 Judicial Center Drive<br>Brighton, CO 80601 | ▲COURT USE ONLY▲ |
| **Plaintiff(s):** AURORA BANK FSB<br><br>v.<br><br>**Defendant(s):** OLEG KAYREVICH, PAVEL KAYREVICH and TAMARA KAYREVICH, CITIBANK, N.A., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. and CAROL SNYDER as Public Trustee of Adams County, Colorado | Case No.: 2011cv1789<br><br>Div: A    Ctrm: |

**ORDER GRANTING SUMMARY JUDGMENT AND DECREE OF FORECLOSURE**

THIS MATTER COMES before the Court upon the Motion for Summary Judgment and Decree of Foreclosure filed by Plaintiff Aurora Bank FSB. The Court has read and reviewed the Motion, has read and reviewed the documents on file with this Court, and the Court being fully advised in the premises finds as follows:

A.  The Defendants named herein have been properly served, and the Court has jurisdiction over the parties and the subject matter of this action.

B.  Venue is proper since this action concerns title to real property located in Adams County, Colorado.

C.  There is no genuine issue of material fact and Plaintiff is entitled to judgment as a matter of law.

THE COURT FURTHER FINDS AS FOLLOWS:

D.  Defendants Pavel Kayrevich, Tamara Kayrevich and Oleg Kayrevich are the fee owners of the following described real property:

   Lot 16, Block 9, River Run Subdivision Filing No. 4
   County of Adams, State of Colorado

   Also known as: 11499 Ironton Street, Henderson, Colorado 80640 (the "Property").

E. The Property is encumbered by a deed of trust securing a promissory note in the amount of $232,000.00 (the "$232K Note"). Said deed of trust was recorded September 21, 2006 at Reception No. 957210, Adams County, Colorado (the "$232K Deed of Trust").

F. Proceeds of the $232K Note in the amount of $232,000.00 were used to pay and discharge a prior deed of trust in the original principal amount of $261,988.00 recorded April 25, 2005 at Reception No. 433560, Adams County, Colorado (the "$261K Deed of Trust"). Plaintiff is equitably subrogated to the lien of the $261K Deed of Trust by virtue of said payment.

G. The interest rate on the loan secured by the $261K Deed of Trust was 5.2500% per annum.

H. The $261K Deed of Trust was signed by Oleg Kayrevich, Pavel Kayrevich and Tamara Kayrevich, and it encumbered a 100% interest in the Property.

I. The lien of the $261K Deed of Trust was prior and superior to the interests of Defendants Oleg Kayrevich, Pavel Kayrevich and Tamara Kayrevich.

IT IS HEREBY ORDERED ADJUDGED AND DECREED AS FOLLOWS:

1. Plaintiff's $232K Deed of Trust is equitably subrogated to the April 25, 2005 priority of the $261K Deed of Trust as a lien against the Property interests of Oleg Kayrevich, Pavel Kayrevich, and Tamara Kayrevich.

2. The amount of Plaintiff's equitable subrogation lien is calculated as follows:

| | |
|---|---|
| Principal amount paid on the $261K Deed of Trust on 9-19-06 | $232,000.00 |
| Accrued Interest from 9-19-06 to 5-31-12 at 5.25% per annum | 69,375.98 |
| Less payments made by borrowers | [60,193.21] |
| TOTAL | $241,182.77 |

3. Interest accrues at a rate of 5.2500% per annum ($33.37 per day) from and after May 31, 2012.

4. The $232K Deed of Trust is a valid and enforceable lien on the 100% interests of Oleg Kayrevich, Pavel Kayrevich and Tamara Kayrevich in the Property in the amount of $241,182.77, together with interest at $33.37 per day from and after May 31, 2012. Said lien has

a priority date of April 25, 2005 and is prior and superior to the interests of all of the Defendants named in this action.

5. The $232K Deed of Trust may be foreclosed judicially and the Property sold at public sale by the Sheriff of Adams County, Colorado in accordance with Colorado law. The proceeds of said sale shall be applied as follows:

    (a) First, to pay all fees, costs and expenses incurred with the connection of the sale;

    (b) Second, to repay advances for taxes, insurance, etc. after judgment;

    (c) Third, to pay Plaintiff $241,182.77, together with interest at $33.37 per day from and after May 31, 2012 and costs as set forth herein;

    (d) Fourth, to pay the balance remaining, if any, into the Registry of this Court to be applied as the Court shall hereinafter direct.

6. The proceeds of the foreclosure sale shall also reduce, *pro tanto*, the amount due on the $232K Note.

7. This Decree shall be a writ of special execution and no levy need be made.

8. Following the foreclosure sale, the Sheriff shall execute and deliver a certificate of purchase to the highest bidder for cash at the sale and cause a duplicate of such certificate of purchase to be recorded with the Clerk and Recorder of Adams County, Colorado. The Sheriff shall make a report of the sale to this Court as soon as possible thereafter, and, upon expiration of the period of redemption provided by law, execute and deliver a deed conveying the Property to the holder of the certificate of purchase, unless the Property is sooner redeemed.

Dated this _____ day of _____, 2012.

                                                              BY THE COURT

                                                              _____
                                                              District Court Judge